IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK STEPHEN WOOLUMS,

               Petitioner,

        vs.

F. X. CHAVEZ, Warden, Sierra
Conservation Center,

               Respondent.

No. 2:10-cv-01452-JKS

MEMORANDUM DECISION

Mark Stephen Woolums, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Woolums is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Sierra Conservation Center. Respondent has answered. Woolums has not replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

A Solano County Superior Court jury found Woolums guilty of one count of continuous sexual abuse of N.E., a child under 14 years of age, under California Penal Code § 288.4(a). After the trial court declared a mistrial on the remaining counts, Woolums entered a negotiated no contest plea to one count of lewd and lascivious conduct upon B.M., another child under fourteen years of age, under California Penal Code § 288(a), with the understanding that a concurrent prison term would be imposed. The trial court sentenced Woolums to an aggravated upper term of sixteen years in state prison on the sexual abuse conviction and a concurrent aggravated upper term of eight years on the lewd and lascivious conduct plea. The California

Court of Appeal, First District, affirmed Woolums' conviction and sentence in an unpublished decision,[1] and the California Supreme Court denied review on April 17, 2009.  Woolums timely filed his Petition for relief in this Court on May 26, 2010.

The California Court of Appeal summarized the evidence:

N.E. was 14 years old and in the 8th grade when she testified at [Woolums's] trial.  At the time [Woolums's] sexual activity began with N.E., she was 10 years old and was attending the in-home child day care [Woolums's] wife operated from their home.  [Woolums] was in his early 40's.  [Woolums] would initially put N.E. on his lap and she would feel his "private part" getting "hard."  He would either move her around or move himself.

N.E. stopped going to the daycare in [Woolums's] home at the end of sixth grade or beginning of seventh grade.  However, she continued to see [Woolums] because he worked out regularly with her stepfather in the gym they set up in her parents' garage.  The sexual conduct with [Woolums] continued and occurred in the garage when N.E.'s stepfather would leave to go running.  [Woolums's] conduct included "French kissing," having N.E. rub his penis, and vaginal touching.

On September 9, 2004, N.E. told her mother that [Woolums] "did some bad stuff with me."  That evening, N.E.'s mother took her to the police station, and [Woolums] was arrested and charged with molesting N.E.

Based on this evidence, [Woolums] was charged, tried and convicted for the continuous sexual abuse of N.E., a child under 14 years of age. (Pen.Code, § 288.5, subd. (a).)  He was also charged and tried—but ultimately not convicted—for sexually inappropriate conduct with two other young girls, B.M. and K.A.

Briefly, B.M. testified that [Woolums] and his wife were best friends with her parents and B.M. attended the day care at [Woolums's] home.  B.M. testified that from fall of 2004 until spring of 2005, [Woolums] engaged in a number of sexual acts with her.  She recalled an incident when she was 13 and home sick with strep throat.  [Woolums] stopped by her house to check on her at her father's request. During this encounter, [Woolums] orally copulated her, digitally penetrated her, and ended up having sexual intercourse with her.  She testified that [Woolums] then gave her $20 a week "[s]o I would be quiet."

K.A., the third alleged victim, was B.M.'s good friend.  She testified that in the fall of 2004, when she was at [Woolums's] home with B.M., [Woolums] grabbed her breast.

[Woolums] testified in his own defense and adamantly denied any sexual misconduct with N.E., B.M., or K.A.  The defense also put on extensive evidence to show that [Woolums] was very busy working at his Big-O Tires store, that he only

---

[1] *People v. Woolums*, No. A115802, 2009 WL 323275 (Cal. Ct. App. Feb. 10, 2009).

had incidental and occasional contact with the children who attended his wife's in-home child day care, and that the house was too chaotic for [Woolums] to engage in inappropriate conduct with the children.[2]

## II.  GROUNDS RAISED/DEFENSES

Woolums raises two grounds: (1) the California Court of Appeal erred in applying the California *Sandoval* harmless error test[3] to an uncontested violation of *Apprendi*,[4] i.e., *Sandoval* is itself invalid; and (2) the denial of a hearing to elicit testimony from the prosecution's child witness who may have had preexisting knowledge violated his due process rights.  Respondent does not raise any affirmative defense.[5]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

---

[2] *Id.* at *1-2.

[3] *People v. Sandoval*, 161 P.3d 1146, 1155 (Cal. 2007).

[4] *Cunningham v. California*, 549 U.S. 270, 288-89 (2007); *Blakely v. Washington*, 542 U.S. 296, 303 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  An aggravated sentence under California law may be imposed only upon facts admitted by the defendant or tried to the jury and proved beyond a reasonable doubt.

[5] Rules Governing Section 2254 Cases in the U.S. Dist. Courts, Rule 5(b) (2011).

[6] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

time of the relevant state-court decision."[7]  The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

power of the Supreme Court over federal courts.[8]  Thus, where holdings of the Supreme Court

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

'unreasonabl[y] appli[ed] clearly established Federal law.'"[9]  When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

be "objectively unreasonable," not just "incorrect or erroneous."[10]  The Supreme Court has made

clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

believing that the state-court determination was incorrect.[11]  "[A]bsent a specific constitutional

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

the trial with unfairness as to make the resulting conviction a denial of due process.'"[12]  In a

federal habeas proceeding, the standard under which this Court must assess the prejudicial

impact of constitutional error in a state court criminal trial is whether the error had a substantial

---

[7] *Williams*, 529 U.S. at 412 (alteration added).

[8] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[9] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[10] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[11] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[12] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

and injurious effect or influence in determining the outcome.[13]  Because state court judgments of

conviction and sentence carry a presumption of finality and legality, the petitioner has the burden

of showing by a preponderance of the evidence that he or she merits habeas relief.[14]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal
> court relitigation of claims already rejected in state proceedings.  *Cf. Felker v.*
> *Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing
> AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue*
> *the writ in cases where there is no possibility fairminded jurists could disagree that*
> *the state court's decision conflicts with this Court's precedents.  It goes no farther.*
> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme
> malfunctions in the state criminal justice systems," not a substitute for ordinary error
> correction through appeal.  *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct.
> 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment).  As a condition
> for obtaining habeas corpus from a federal court, a state prisoner must show that the
> state court's ruling on the claim being presented in federal court was so lacking in
> justification that there was an error well understood and comprehended in existing
> law beyond any possibility for fairminded disagreement.[15]

In applying this standard, this Court reviews the "last reasoned decision" by the state

court.[16]  State appellate court decisions that summarily affirm a lower court's opinion without

---

[13] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[14] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[15] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[16] *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

explanation are presumed to have adopted the reasoning of the lower court.[17]  This Court gives

the presumed decision of the state court the same AEDPA deference that it would give a

reasoned decision of the state court.[18]

Woolums has not replied to the answer.  28 U.S.C. § 2248 provides:

> The allegations of a return to the writ of habeas corpus or of an answer to an order
> to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as
> true except to the extent that the judge finds from the evidence that they are not true.

Under § 2248, where there is no denial of the Respondent's allegations in the answer, or the

denial is merely formal and unsupported by an evidentiary basis, the court must accept

Respondent's allegations.[19]  Where a petitioner has not disputed a contention in the response and

it does not appear from the record before the court that the contention is erroneous, the court may

accept that contention.[20]

IV.  DISCUSSION

Ground 1:  Harmless Error Analysis of *Apprendi*-type Error

It is undisputed that the aggravating factors upon which the Solano County Superior

Court based sentencing Woolum to the upper term on were not found to be true by the jury, nor

---

[17] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[18] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[19] *See Carlson v. Landon*, 342 U.S. 524, 530 (1952).

[20] *Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

were they admitted by Woolums.  It is likewise undisputed that this ran afoul of the Supreme

Court's decision in *Cunningham*.[21]  The California Court of Appeal, however, rejected

Woolums's argument that this constituted reversible error under the "harmless error" doctrine:

> In *People v. Sandoval* (2007) 41 Cal.4th 825, 838 (*Sandoval* ), our Supreme
> Court held that error in failing to submit a punishment-increasing factual issue to the
> jury is subject to harmless error analysis under the beyond-a-reasonable doubt test of
> *Chapman v. California* (1967) 386 U.S. 18, 24.  (*Sandoval, supra,* 41 Cal.4th at p.
> 838.)  Applying the reasoning of Sandoval, as [Woolums] acknowledges we must
> (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), we now
> conclude beyond a reasonable doubt that the trial court's imposition of the upper
> terms based on aggravating circumstances not submitted to the jury was harmless.
> (Sandoval, *supra,* 41 Cal.4th at p. 839.)  This is because the facts and circumstances
> of [Woolums's] sexual abuse of N .E. and B.M. are such that a "jury, applying the
> beyond-a-reasonable-doubt standard, unquestionably would have found true at least
> a single aggravating circumstance had it been submitted to the jury. . . ." (*Ibid.*)
>
> Looking at the evidence in this case, we are confident beyond a reasonable
> doubt that a jury presented with the circumstances of [Woolums's] molestation of
> N.E. and B.M. would have reached a verdict that the victims were particularly
> vulnerable (Cal. Rules of Court, rule 4.421(a)(3)) and that [Woolums] took
> advantage of a position of trust to commit the sexual abuse (Cal. Rules of Court, rule
> 4.421(a)(11)).  A child molest victim's particular vulnerability is adjudged "in light
> of the 'total milieu in which the commission of the crime occurred . . . .' [Citation.]"
> (*People v. Dancer* (1996) 45 Cal.App.4th 1677, 1694, overruled on another ground
> in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123) and may be found aggravating
> if there are other factors, such as supervision or control by the defendant, time and
> location of the offense or the extremely young age of the victim.  (*People v. Ginese*
> (1981) 121 Cal.App.3d 468, 477.)  During the time they were molested, the victims
> were attendees at a small in-home day care business run by [Woolums's] wife, a
> circumstance which gave [Woolums] almost unfettered access to them when there
> was no parent present to assist or protect them.
>
> As to the aggravating circumstance that "defendant took advantage of a
> position of trust" to commit the continuous sexual abuse (Cal. Rules of Court, rule
> 4.421(a)(11)), it is beyond dispute that [Woolums] had such a relationship with the
> victims that placed him in a position of trust which allowed him to commit the sexual
> abuse.  Both N.E. and B.M. were young girls with troubled home lives who forged

---

[21] *Cunningham v. California*, 549 U.S. 270 (2007) (holding that a California law which
authorized a judge but not a jury to find facts that exposed a defendant to an elevated upper term
sentence violated the defendant's right to a jury trial under the Sixth and Fourteenth
Amendments).

a close relationship with [Woolums].  [Woolums] became friends with their parents and they were friends with his daughter.  With respect to B.M., [Woolums] was permitted to check in on the victim in her own home when she was sick; and he used this opportunity to have sexual intercourse with her.

        Given these circumstances, we have no doubt that the jury, if it had been asked to determine whether the facts supported the aggravating factors of the victims' vulnerability and [Woolums's] taking advantage of a position of trust or confidence to commit the offenses, would have found the factors true beyond a reasonable doubt.  Accordingly, the use of either of these aggravating factors without a jury finding was harmless.  (*Sandoval, supra,* 41 Cal.4th at pp. 838-839.)[22]

Before this Court Woolums does not argue that the California Court of Appeals misapplied the harmless error rule of *Sandoval*.  Instead, his entire argument attacks the holding in *Sandoval* and its application to him, i.e., that an *Apprendi*-type error is a structural error not subject to a harmless error analysis.  That argument is foreclosed by Supreme Court precedent holding that the harmless error standard applies to an *Apprendi* error.[23]  This totally eviscerates Woolums's argument.  Thus, *Sandoval* is clearly not "contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"[24] and its use by the California Court of Appeals did not deprive Woolums of any constitutional right.

Woolums has not raised the question of whether the California Court of Appeal's decision in this case "was based on an unreasonable determination of the facts in light of the

---

[22] *People v. Woolums*, No. A115802, 2009 WL 323275, at *7-9 (Cal. Ct. App. Feb. 10, 2009).

[23] *Washington v. Recuendo*, 548 U.S. 212, 218-22 (2006); *Estrella v. Ollison*, 668 F.3d 593, 598 (9th Cir. 2011).

[24] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

evidence presented in the State court proceeding."[25]  That is, Woolums does not challenge the

findings that the victims were especially vulnerable and that Woolums took advantage of a

position of trust.  Woolums does not contest that both are aggravating factors under California

law.  Thus, this Court need not address those issues.

Therefore, this Court cannot find that the decision of the California Court of Appeal was

"contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States" at the time the state court rendered its

decision or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."[26]  Woolums is not entitled to relief under his first

ground.

Ground 2:  Limitation of Cross-examination of Minor-Child

Woolums sought to introduce the testimony from N.E.'s brother that the brother had seen

N.E. go into the bathroom with her stepbrother and that N.E. told the brother that the stepbrother

had shown her his penis.  The Solano County Court denied Woolums request that a hearing be

held to determine the admissibility of that testimony.  Woolums argues that the trial court abused

its discretion, precluding a meaningful opportunity to present a complete defense.  The California

Court of Appeal rejected Woolums's position, holding:

> [Woolums] argues that the court abused its discretion when it failed to hold
> a hearing pursuant to section 782 on the admissibility of evidence that N.E.'s older
> step-brother had exposed his genitals to her.  [Woolums] claims this evidence was
> "critical" to the jury's assessment of N.E.'s credibility because "[t]he stepbrother's

---

[25] 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 402-06 (2000); *Andrade*, 538 U.S. at
70-75.

[26] 28 U.S.C. § 2254(d).

conduct could have educated N.E. about penises and erection, which on reflection, caused her to characterize conduct alleged to have been engaged in by [Woolums] as molest."

In making this argument, [Woolums] principally relies on *Daggett, supra,* 225 Cal.App.3d 751. In *Daggett,* the court reversed a child molestation conviction where the trial court refused to hold a hearing on the admissibility of evidence that the child victim had been molested by older children five years earlier, as that evidence was relevant to show that he might not have learned the sex acts which he described from the defendant. The court explained, "A child's testimony in a molestation case involving oral copulation and sodomy can be given an aura of veracity by his accurate description of the acts. This is because knowledge of such acts may be unexpected in a child who had not been subjected to them. In such a case it is relevant for the defendant to show that the complaining witness had been subjected to similar acts by others in order to cast doubt upon the conclusion that the child must have learned of these acts through the defendant. Thus, if the acts involved in the prior molestation are similar to the acts of which the defendant stands accused, evidence of the prior molestation is relevant to the credibility of the complaining witness and should be admitted." (*Id.* at p. 757.)

The *Daggett* court concluded that the trial court should "have ordered a hearing to determine whether the acts of prior molestation were sufficiently similar to the acts alleged here. The court erred when it failed to do so." (*Daggett, supra,* 225 Cal .App.3d at p. 757.)

We conclude *Daggett* is factually distinguishable and no abuse of discretion is demonstrated in this case. Significantly, *Daggett* emphasized that when evidence is offered to show a child's knowledge of sexual acts, its relevance depends on whether the prior sexual acts closely resemble the acts in question. [Woolums's] trial attorney did not proffer any evidence that the prior incident regarding N.E.'s stepbrother, where he exposed his genitals to her in the bathroom, involved an erect penis or any other acts resembling those in the present case.

A single encounter with no sexual contact is easily distinguished from the conduct [Woolums] was found to have engaged in here, consisting of making N.E. touch his penis, rubbing against her while she sat on top of his erect penis, kissing her with his tongue in her mouth, and touching her vaginal area. Thus, this prior incident would not have explained N.E.'s knowledge of the latter practices. The situation in this case resembles the situation in *Woodward, supra,* 116 Cal.App.4th 821, which held that the trial court did not abuse its discretion in excluding evidence of the victim's prior molestations because the victim's prior sexual contacts were so dissimilar to the charged crimes. (*Id.* at p. 832.)

Additionally, "[b]ecause the relevance of the prior incidents was so minimal and the risk of confusing the jury so palpable," the trial court did not abuse its discretion in excluding the evidence under section 352. (*Woodward, supra,* 116 Cal.App.4th at p. 832.) Allowing the defense to explore this remote sexual experience that occurred under circumstances not comparable to those presented here would have set the stage for a trial within a trial. "Such a proceeding would consume

10

considerable time, and divert the attention of the jury from the case at hand." (*People v. Bittaker* (1989) 48 Cal.3d 1046, 1097.)

[Woolums] claims the issue is one of constitutional magnitude because he was effectively deprived of a defense on a central issue in the case. Mirroring the analysis in *Bautista, supra,* 163 Cal.App.4th 762, we disagree. "Although the complete exclusion of evidence intended to establish an accused's defense may impair his or her right to due process of law, the exclusion of defense evidence on a minor or subsidiary point does not interfere with that constitutional right. [Citation.]" (*People v. Cunningham* (2001) 25 Cal.4th 926, 999.) "A trial court's limitation on cross-examination pertaining to the credibility of a witness does not violate the confrontation clause unless a reasonable jury might have received a significantly different impression of the witness's credibility had the excluded cross-examination been permitted. [Citations.]" (*People v. Quartermain* (1997) 16 Cal.4th 600, 623-624.) Although N.E.'s credibility was a central issue in this case, we find that examination of N.E. on this particular topic would not have had a significant impact on the jury's impression of N.E.'s credibility. In sum, excluding evidence of an incident where N.E.'s older stepbrother exposed his genitals to her "no more deprives a defendant of a fair trial than do the rules of evidence barring hearsay, opinion evidence, and privileged communications." (*People v. Blackburn* (1976) 56 Cal.App.3d 685, 690.)[27]

The Supreme Court has acknowledged its "traditional reluctance to impose constitutional restraints on ordinary evidentiary rulings by state trial courts."[28] "[T]he Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules."[29] In criminal actions, "[t]he States are free to provide such procedures as they choose, including rules of evidence, provided that none of them infringes a guarantee in the Federal Constitution."[30] The Supreme Court has made clear that federal habeas power does not allow granting relief on the basis of a belief that the state trial court incorrectly interpreted the state

---

[27] *People v. Woolums*, No. A115802, 2009 WL 323275, at *4-5 (Cal. Ct. App. Feb. 10, 2009).

[28] *Crane v. Kentucky*, 476 U.S. 683, 689 (1986).

[29] *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983)).

[30] *Burgett v. Texas*, 389 U.S. 109, 113-14 (1967).

evidence code in ruling on the admissibility of evidence.[31]  In this context, the Supreme Court

has defined the category of infractions that violate fundamental fairness very narrowly, limiting

them to specific guarantees enumerated in the bill of rights.[32]  For example, the Supreme Court

has barred the introduction of evidence in state court criminal proceedings that violated the

Fourth Amendment (search and seizure),[33] Fifth Amendment (confessions),[34] Sixth Amendment

(Confrontation Clause),[35] and (right to counsel).[36]

It is well-settled law that a criminal defendant has a constitutional right to present a

defense.[37]  This right is not, however, unfettered or without limitation.  "[S]tate and federal

rulemakers have broad latitude under the Constitution to establish rules excluding evidence from

criminal trials."[38]  This latitude, however, has limits.  "Whether rooted directly in the Due

Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation

Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful

---

[31] *McGuire*, 502 U.S. at 72 (citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[32] *McGuire*, 502 U.S. at 73 (citing *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[33] *Mapp v. Ohio*, 367 U.S. 643 (1961).

[34] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[35] *Crawford v. Washington*, 541 U.S. 36 (2004); *Pointer v. Texas*, 380 U.S. 400 (1965) (transcript of preliminary hearing without assistance of counsel to confront and cross-examine absent witness inadmissible).

[36] *Burgett*, 389 U.S. at 114-15 (evidence of prior conviction obtained in violation of Sixth Amendment right to counsel inadmissible).

[37] *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

[38] *United States v. Scheffer,* 523 U.S. 303, 308 (1998); *see Crane,* 476 U.S. at 689-690; *Marshall v. Lonberger,* 459 U.S. 422, 438, n.6 (1983); *Chambers v. Mississippi,* 410 U.S. 284, 302-303 (1973); *Spencer v. Texas,* 385 U.S. 554, 564 (1967).

opportunity to present a complete defense.'"[39]  This right is abridged by evidence rules that "infring[e] upon a weighty interest of the accused" and are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'"[40]  The Constitution clearly "prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, [and] well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury."[41]  The Supreme Court has repetitively held that the Constitution permits judges "to exclude evidence that is 'repetitive . . . , only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'"[42]

Federal Rule of Evidence 403, the federal counterpart to California Evidence Code § 352, permits the exclusion of evidence if its probative value is "outweighed by the danger of unfair prejudice, confusion of the issues, or [if it] mislead[s] the jury."  "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules.  Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and

---

[39] *Crane,* 476 U.S. at 690 (quoting *California v. Trombetta,* 467 U.S. 479, 485 (1984)).

[40] *Scheffer,* 523 U.S. at 308 (quoting *Rock v. Arkansas,* 483 U.S. 44, 58, 56 (1987)).

[41] *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006) (citing Fed. R. Evid. 403 as an example).

[42] *Crane,* 476 U.S. at 689-690 (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)) (ellipsis and brackets in original); *see Montana v. Egelhoff,* 518 U.S. 37, 42-43 (1996) (plurality opinion) (terming such rules "familiar and unquestionably constitutional").

13

403 . . . ."[43]  California employs a similar rule.[44]  Although the Ninth Circuit has suggested that

an abuse of discretion may also amount to a constitutional violation,[45] the Supreme Court has

never held that abuse of discretion is an appropriate basis for granting federal habeas relief.

Indeed, quite to the contrary, the Supreme Court has strongly suggested that, while abuse of

discretion is an appropriate standard on direct review, in a federal habeas proceeding it is not.[46]

Applying these principles to this case, this Court cannot find that the decision of the

California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States" at the time the

state court rendered its decision or "was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding."[47]   Woolums is not entitled to relief

under his second ground.

---

[43] *United States v. Abel,* 469 U.S. 45, 54 (1984); *see Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009).

[44] *See People v. Harris*, 118 P.3d 545, 565 (Cal. 2005) ("We review for abuse of discretion a trial court's rulings on the admissibility of evidence.").

[45] *See Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc).

[46] *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) ("It is not even whether it was an abuse of discretion for her to have done so—the applicable standard on direct review. The question under AEDPA is instead whether the determination of the Michigan Supreme Court that there was no abuse of discretion was "an unreasonable application of . . . clearly established Federal law." (citing 28 U.S.C. § 2254(d)(1))).

[47] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

## V.  CONCLUSION AND ORDER

Woolums is not entitled to relief on either ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of

Appealability.[48]  Any further request for a Certificate of Appealability must be addressed to the

Court of Appeals.[49]

The Clerk of the Court is to enter judgment accordingly.

Dated:  March 29, 2012.

_____/s/ James K. Singleton, Jr._____
JAMES K. SINGLETON, JR.
United States District Judge

---

[48] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[49] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

15